# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

KRISTOPHER DOTSON, individually
and on behalf of similarly situated
persons,

     Plaintiff,

  v.

P.S. MANAGEMENT, INC., PFC, INC.,
P.S. II, INCORPORATED and P.S. III,
INC.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-00896

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Kristopher Dotson, individually and on behalf of other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. Defendants together operate approximately 30 Papa John's franchise stores, including stores within this District and Division. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers' homes and workplaces. Instead of reimbursing them for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal and West Virginia minimum wage.

2. Further, Defendants' delivery drivers spend at least 20% of their work time performing non-tipped duties, but Defendants pay them a sub-minimum tipped wage for *all* of their work time.

3. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the West Virginia Minimum Wage and Maximum Hours Act ("MWMHA"), W. Va. Code § 21-5C-1 *et seq.*, to recover unpaid wages owed to himself and similarly situated delivery drivers employed by Defendants at their Papa John's stores.

## Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. The MWMHA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's MWMHA claims is based on 28 U.S.C. § 1367 (pendent claims) and W.V. Code § 21-5C-8(b).

6. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants together operate Papa John's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

7. Defendant P.S. Management, Inc. is a Kentucky corporation which, along with all other Defendants, has operated Papa John's stores within this District during times relevant.

8. Defendant PFC, Inc. is a Kentucky corporation which, along with all other Defendants, has operated Papa John's stores within this District during times relevant.

9. Defendant P.S. II, Incorporated is a Kentucky corporation which, along with all other Defendants, has operated Papa John's stores within this District during times relevant.

10. Defendant P.S. III, Inc. is a Kentucky corporation which, along with all other Defendants, has operated Papa John's stores within this District during times relevant.

11. Defendants constitute a single employer or single integrated enterprise because they share common ownership, financial control and management, conduct interrelated operations, and maintain centralized control of labor relations.

12. Alternatively, Defendants constitute joint employers of Plaintiff and other similarly situated employees as Defendants exercise control over those employees' work or working conditions, Defendants maintain an arrangement to share employees' services, Defendants act directly or indirectly in the interest of each other in relation so the employees, and/or Defendants are not disassociated with respect to the employees' employment and may be deemed to share control of the employees, directly or indirectly,

because they are under common control.

13. Plaintiff Kristopher Dotson was employed by Defendants from approximately March 2013 to February 2015 as a delivery driver at their Papa John's store located in Charleston, West Virginia. Plaintiff Dotson's consent to pursue this claim under the FLSA is attached hereto as "Exhibit 1."

## General Allegations

*Defendants' Business*

14. Defendants own and operate approximately 30 Papa John's franchise stores, including stores within this District.

15. Defendants' Papa John's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

16. Defendants delivery drivers have performed non-tipped general preparation and maintenance activities which consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

*Defendants' Pay Practices*

17. Defendants have paid their delivery drivers sub-minimum tipped wages of approximately $6.00 per hour for *all* their work time, including all time they spent performing non-tipped duties.

*Defendants' Flawed Automobile Reimbursement Policy*

18. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

19. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

20. Defendants' reimbursement policy reimburses deliver drivers on a per-delivery basis that equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

21. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

22. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan ranged from $.571 to $.592 per mile between 2014 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures

represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas and other food items.

23. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

24. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

25. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

26. Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal and West Virginia minimum wage requirements.

27. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

28. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and West Virginia minimum wage.

29. From about March 2013 through the end of 2014, Defendants paid Plaintiff $7.25 per hour, including a $6.00 per hour cash wage and a $1.25 per hour tip credit applied to all of his work time.

30. In about January and February 2015, Defendants paid Plaintiff $8.00 per hour, including a $6.00 per hour cash wage and a $2.00 per hour tip credit applied to all of his work time.

31. The federal minimum wage has been $7.25 per hour since July 24, 2009.

32. West Virginia's minimum wage was $8.00 per hour in 2015 and has been $8.75 per hour since 2016.

33. Plaintiff drove a 1999 Ford F150, a 2007 Suzuki Forenza, a 2007 Saturn Ion, a 2005 Chrysler Pacifica, a 1996 Ford Aspire, a 2003 Jaguar X-Type and a 2001 Volkswagen Beetle while delivering pizzas and other food items for Defendants.

34. During Plaintiff's employment by Defendants, the per-delivery reimbursement rate at the store where he worked was about $1.10 per delivery.

35. During his employment with Defendants, Plaintiff experienced an average round-trip delivery distance of at least 5 miles per delivery.

36. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff was approximately $.22 per mile ($1.10 per delivery / 5 average miles per delivery) or less.

37. During this same time period, the IRS business mileage reimbursement rate ranged between $.56 and $.575 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.34 ($.56 - $.22) per mile. Considering Plaintiff's estimate of at least 5 average miles per delivery, Defendants under-reimbursed him about $1.70 per delivery ($.34 x 5 average miles).

38. Defendants did not ask Plaintiff to track his actual automobile expenses.

39. During his employment by Defendants, Plaintiff typically averaged approximately 2 deliveries per hour.

40. Thus, Plaintiff consistently "kicked back" to Defendants approximately $3.40 per hour ($1.70 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.85 per hour in 2013 and 2014 ($7.25 per hour - $3.40 kickback) and about $4.60 per hour in early 2015 ($8.00 per hour - $3.40 kickback).

41. Based on Edmunds.com's True Cost to Own calculator, at least most of the vehicles driven by Plaintiff entailed a per-mile cost of at least $.42. Using that rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.20 ($.42 - $.22) per mile. Considering Plaintiff's estimate of at least 5 average miles per delivery, Defendants under-reimbursed him about $1.00 per delivery ($.20 x 5 average miles).

42. Based on the Edmunds.com True Cost to Own calculator and Plaintiff's typical average of approximately 2 deliveries per hour, he consistently "kicked back" to Defendants approximately $2.00 per hour ($1.00 per delivery x 2 deliveries per hour), for an effective hourly wage rate in 2013 and 2014 of about $5.25 ($7.25 per hour - $2.00 kickback) and for an effective hourly wage rate at the beginning of 2015 of about $6.00 per hour ($8.00 per hour - $2.00 kickback).

43. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements;

incurred similar automobile expenses; completed deliveries of similar distances with similar frequencies; and were paid at or near the federal or state minimum wage before deducting unreimbursed business expenses.

44. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal or state minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

45. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

46. Defendants' low reimbursement rates were a frequent complaint of delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of the drivers' automobile expenses.

47. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal and West Virginia minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective and Class Action Allegations

48. Plaintiff brings Count I and II as an FLSA "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

49. The FLSA claims may be pursued by those delivery drivers who opt-in to this case pursuant to 29 U.S.C. § 216(b).

50. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

51. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a.   They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

   b.   They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

   c.   Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d.   They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.     They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.     They were subject to the same pay policies and practices of Defendants;

g.     They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.     They were reimbursed similar set amounts of automobile expenses per delivery;

i.     They were paid at or near the federal or state minimum wage before deducting unreimbursed business expenses;

j.     They have all been subjected to tip credits;

k.     They all spent more than 20% of their work time performing non-tipped duties; and

l.     They were all paid the incorrect minimum wage for time spent performing those duties.

52. Plaintiff brings Counts III and IV as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the class representative of the following persons (the "West Virginia Class"):

All current and former delivery drivers employed by Defendants in the State of West Virginia since the date two years preceding the filing of this Complaint.

53. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the West Virginia Class.

54. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

55. The West Virginia Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all members of the West Virginia Class in a single action is impracticable.

56. Questions of fact and law common to the West Virginia Class predominate over any questions affecting only individual members. The questions of law and fact common to the West Virginia Class arising from Defendants' actions include, without limitation:

a. Whether Defendants failed to pay net wages to members of the West Virginia Class as required by the MWMHA;

b. Whether Defendants failed to reasonably reimburse members of the West Virginia Class for using their own vehicles to deliver Defendants' pizzas and other food items;

c. Whether Defendants' formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the members of the West Virginia Class;

d. Whether the West Virginia Class spent more than 20% of their work time performing non-tipped duties; and

e. Whether Defendants paid the West Virginia Class the full West Virginia minimum wage for time spent performing those duties.

57. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

58. Plaintiff's claims are typical of those of the West Virginia Class in that:

a. Plaintiff and the West Virginia Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. Plaintiff and the West Virginia Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required Plaintiff and the West Virginia Class to maintain their automobiles in a safe, legally-operable, and insured condition;

d.  Plaintiff and the West Virginia Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

e.  Plaintiff and the West Virginia Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.  Plaintiff and the West Virginia Class were subject to the same pay policies and practices of Defendants;

g.  Plaintiff and the West Virginia Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the West Virginia minimum wage in some or all workweeks;

h.  Plaintiff and the West Virginia Class were reimbursed similar set amounts of automobile expenses per mile;

d.  Plaintiff and the West Virginia Class spent more than 20% of their work time performing non-tipped duties; and

e.  Defendants paid Plaintiff and the West Virginia Class the full West Virginia minimum wage for time spent performing those duties.

59. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the West Virginia Class.

60. Plaintiff is an adequate representative of the West Virginia Class because he is a member of the West Virginia Class and his interests do not conflict with the interests of the members of the West Virginia Class he seeks to represent. The interests of the members of the West Virginia Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

61. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the West Virginia Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the West Virginia Class, and there are no material difficulties impairing the management of a class action.

62. It would be impracticable and undesirable for each member of the West Virginia Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and

could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all West Virginia Class members.

**Count I:  Violation of the Fair Labor Standards Act**
**by Paying Sub-Minimum Net Wages After Deducting**
**Unreimbursed Vehicle Costs**

63. Plaintiff reasserts and re-alleges the allegations set forth above.

64. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

65. Defendants are subject to the FLSA's minimum wage requirements because they constitute an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

66. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

67. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

68. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

69. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

70. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

71. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

72. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

73. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

74. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result,

Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

75. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Fair Labor Standards Act by Paying Sub-Minimum Wages For Time Spent Performing Non-Tipped Duties

76. Plaintiff reasserts and re-alleges the allegations set forth above.

77. Defendants are subject to the FLSA's minimum wage requirements because they constitute an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

78. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

79. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

80. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

81. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id.*

82. Employees who spend more than 20% of their work time performing non-tipped duties that are routinely assigned, such as general preparation and maintenance work, cannot be considered "tipped employees" with respect to whom the employer may utilize a tip credit during the time spent performing non-tipped duties. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook § 30d00(e).

83. Plaintiff and Defendants' other delivery drivers have engaged in non-tipped general preparation and maintenance activities which consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients,

folding pizza boxes, washing dishes and cleaning.

84. Defendants have not paid their delivery drivers the full applicable minimum wage for the time they have spent performing these non-tipped general preparation and maintenance tasks; consequently, Plaintiff and the other delivery drivers consistently worked without required pay.

85. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the mandated full minimum wage and the tip credit wage provided within the three years preceding the filing of the Complaint, plus period of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the FLSA.

86. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated delivery drivers are entitled to recover an award of liquidated damages in an amount equal to the full minimum wage and the tip credit wage for all time spent performing non-tipped duties. Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay the minimum wage, Plaintiff and all similarly situated delivery drivers are entitled to an award of prejudgment interest at the applicable legal rate.

87. As a result of the aforesaid willful violations of the FLSA's pay provisions, minimum wage compensation has been unlawfully withheld by Defendants from

Plaintiff and all similarly situated delivery drivers. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III: Violation of the West Virginia Minimum Wage and Maximum Hours Act by Paying Sub-Minimum Net Wages After Deducting Unreimbursed Vehicle Costs

88. Plaintiff reasserts and re-alleges the allegations set forth above.

89. At all relevant times herein, Plaintiff and all other members of the West Virginia Class have been entitled to the rights, protections, and benefits provided under the MWMHA, W. Va. Code § 21-5C-1 *et seq.*

90. During all times relevant to this action, Defendants have been the "employers" of Plaintiff and all other members of the West Virginia Class within the meaning of the MWMHA. W. Va. Code § 21-5C-1(e).

91. During all times relevant to this action, Plaintiff and all other members of the West Virginia Class have been Defendants' "employees" within the meaning of the MWMHA. W.Va. Code § 21-5C-1(f).

92. The MWMHA required that "employers" pay their "employees" at least $8.00 per hour in 2015 and at least $8.75 since 2016. W. Va. Code §§ 21-5C-2(5) & (6).

93. Defendants have violated the MWMHA by failing to pay Plaintiff and all other members of the West Virginia Class the full West Virginia minimum wage for all time worked after deducting unreimbursed vehicle costs incurred by their delivery drivers in performing their jobs. *Id.*

94. Plaintiff and all other members of the West Virginia Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MWMHA has been applied, and continues to be applied, to all members of the West Virginia Class.

95. Plaintiff and all other members of the West Virginia Class are entitled to damages equal to the difference between their net wages and the full West Virginia minimum wage due within two years preceding the filing of this Complaint plus periods of equitable tolling. W.Va. Code § 21-5C-8(d).

96. Plaintiff and all other members of the West Virginia Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

97. Defendants are liable for Plaintiff's usual and necessary costs and attorneys' fees incurred in this action. W.Va. Code § 21-5C-8(c).

WHEREFORE on Count III of this Complaint, Plaintiff and the West Virginia Class demand judgment against Defendants and pray for: (1) compensatory damages; (2)

attorneys' fees and costs as allowed by W. Va. Code § 21-5C-8(c); (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

### Count IV:  Violation of the West Virginia Minimum Wage and Maximum Hours Act by Sub-Minimum Wages For Time Spent Performing Non-Tipped Duties

98. Plaintiff reasserts and re-alleges the allegations set forth above.

99. At all relevant times herein, Plaintiff and all other members of the West Virginia Class have been entitled to the rights, protections, and benefits provided under the MWMHA, W. Va. Code § 21-5C-1 *et seq.*

100. During all times relevant to this action, Defendants have been the "employers" of Plaintiff and all other members of the West Virginia Class within the meaning of the MWMHA.  W. Va. Code § 21-5C-1(e).

101. During all times relevant to this action, Plaintiff and all other members of the West Virginia Class have been Defendants' "employees" and "service employees" within the meaning of the MWMHA.  W.Va. Code § 21-5C-1(f); W. Va. CSR § 42-8-3.34.

102. The MWMHA required that "employers" pay their "employees" at least $8.00 per hour in 2015 and at least $8.75 since 2016.  W. Va. Code §§ 21-5C-2(5) & (6).

103. Pursuant to W. Va. CSR § 42-8-12.1.b, "[w]hen a service employee spends more than twenty percent (20%) of his or her time during a workweek performing duties for which he or she does not receive tips, such as cleaning or setting tables, making coffee,

etc., an employer shall pay the employee at least the full minimum wage, without taking a tip credit, for the time the employee spends performing such duties." *Id.*

104. Plaintiff and Defendants' other delivery drivers have engaged in non-tipped general preparation and maintenance activities which consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

105. Defendants have not paid their delivery drivers the full applicable minimum wage for the time they have spent performing these non-tipped general preparation and maintenance tasks; consequently, Plaintiff and the other delivery drivers consistently worked without required pay.

106. Plaintiff and all other members of the West Virginia Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MWMHA has been applied, and continues to be applied, to all members of the West Virginia Class.

107. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the mandated full West Virginia minimum wage and the tip credit wage provided within the two years preceding the filing of the Complaint, plus period of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the MWMHA.  W.Va. Code § 21-5C-8(d).

108. Plaintiff and all other members of the West Virginia Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

109. Defendants are liable for Plaintiff's usual and necessary costs and attorneys' fees incurred in this action. W.Va. Code § 21-5C-8(c).

WHEREFORE on Count IV of this Complaint, Plaintiff and the West Virginia Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) attorneys' fees and costs as allowed by W. Va. Code § 21-5C-8(c); (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: January 24, 2017                    Respectfully submitted,

**JACOBS LAW OFFICE**                      paul@paulmcinnes.com
/s/ Pat Jacobs
G. Patrick Jacobs (W.Va. #1867)            and
7020 MacCorkle Ave SE
Charleston, West Virginia 25304            **WEINHAUS & POTASHNICK**
Phone: (304) 926-6676                      Mark Potashnick
pjacobs@bjblaw.com                         (*pro hac vice* application forthcoming)
                                           11500 Olive Blvd., Suite 133
**PAUL McINNES LLP**                       St. Louis, Missouri  63141
Jack D. McInnes                            Telephone: (314) 997-9150 ext. 2
(*pro hac vice* application forthcoming)   Email: (314) 997-9170
601 Walnut Street, Suite 300               markp@wp-attorneys.com
Kansas City, Missouri 64106
Telephone:     (816) 984-8100              **ATTORNEYS FOR PLAINTIFFS**
Facsimile: (816) 984-8101