```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

KRISTOPHER DOTSON, individually
and on behalf of similarly
situated persons,

      Plaintiffs,

v.                              Civil Action No. 2:17-cv-00896

P.S. MANAGEMENT, INC.,
PFC, INC., P.S. II,
INCORPORATED, and
P.S. III, INC.,

      Defendants.

## ORDER

Pending are the plaintiffs' motion to release settlement funds to the beneficiary of a deceased plaintiff (ECF No. 108), and the plaintiffs' motion to seal an unredacted copy of a birth certificate (ECF No. 109), both filed on January 22, 2021.

Pursuant to the parties' settlement agreement approved by the court, the defendants are to issue a check to opt-in plaintiff Joshua Rice in the amount of his pro rata share of the settlement. See ECF No. 87-1; ECF No. 87-2; ECF No. 90. The court is informed that Mr. Rice is recently deceased. See ECF No. 107; ECF No. 108. In a previous order, the court stated

that, in the event that an opt-in plaintiff has died, it would consider entering an order directing that the payment be made to the deceased opt-in plaintiff's beneficiaries, provided the parties apprise the court of the putative beneficiaries' identities and sufficiently assure the court of the basis for their status as beneficiaries.  See ECF No. 101.

Pursuant to the court's previous order, the plaintiffs' first motion requests that the court enter an order directing the defendants to issue a check to Emilea Maxwell, the legal guardian of T.M., a minor and the putative beneficiary of Mr. Rice, and they provide documentation to support a determination that T.M. is the proper beneficiary of the settlement check.  See ECF No. 108-1.  The defendants do not oppose the motion so long as the court's order states that any other person is barred from seeking the funds from the defendants in the future.  See ECF No. 108.  Thus, the plaintiffs ask that the court's order state that Ms. Maxwell is the proper recipient and that T.M. is the proper and sole beneficiary of the settlement funds at issue and that any other claims to the funds are barred.  See id.

Based on the documentation submitted by the plaintiffs, the court finds that Ms. Maxwell is the proper recipient and that T.M. is the proper and sole beneficiary of

the settlement funds to be distributed to Mr. Rice and that any other claims to those funds are thus barred, cf. In re Baycol Prods. Litig., 616 F.3d 778, 784-85 (8th Cir. 2010) (explaining that "the primary beneficiary of an unprobated intestate estate which need not be probated" is a substitutable successor for purposes of Fed. R. Civ. P. 25(a)); accord Sinito v. U.S. Dep't of Justice, 716 F.3d 512, 516 (D.C. Cir. 1999).

In their second motion, the plaintiffs request that the court seal an unredacted copy of T.M.'s birth certificate, which the plaintiffs' have filed in support of the motion to release settlement funds to T.M. See ECF No. 109. The plaintiffs represent that the defendants do not oppose the motion, see id., and the court notes that the redactions on the unsealed version of the birth certificate, also filed with the court, redact only birth dates and T.M.'s full name, see ECF No. 108-1 at 7, in accordance with LR Civ P 5.2.1.

Accordingly, it is ORDERED that:

1. The plaintiffs' motion to seal an unredacted copy of a birth certificate (ECF No. 109) be, and hereby it is, granted;

2. the Clerk is directed to seal the unredacted version of T.M.'s birth certificate (ECF No. 109-1);

3

3. the plaintiffs' motion to release settlement funds to the beneficiary of the deceased plaintiff (ECF No. 108) be, and hereby it is, granted; and

4. the defendants are directed to issue a check in the amount calculated for Mr. Rice to Ms. Maxwell.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: January 25, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge

4